DENNIS J. HERRERA, State Bar #139669
City Attorney
WAYNE SNODGRASS, State Bar #148137
VINCE CHHABRIA, State Bar #208557
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-5408
Telephone:      (415) 554-4674
Facsimile:      (415) 554-4699
E-Mail:         vince.chhabria@sfgov.org

Attorneys for Defendants
TAXI COMMISSION, and
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SLONE and MICHAEL MERRITHEW,<br><br>            Plaintiffs,<br><br>      vs.<br><br>TAXI COMMISSION, CITY AND COUNTY OF SAN FRANCISCO, Executive Director Heidi Machen; CITY AND COUNTY OF SAN FRANCISCO, a California public entity,<br><br>            Defendants. | Case No. C07-3335 JSW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF AND PERMANENT INJUNCTION** |

        Defendants City and County of San Francisco and the San Francisco Taxicab Commission, (collectively "City" or "San Francisco"), on behalf of themselves and no other person or entity, hereby respond to the Complaint for Declaratory Relief and Permanent Injunction, filed on June 26, 2007 by plaintiffs William Slone and Michael Merrithew as follows:

        1.      Responding to Paragraph 1, the City admits the allegations contained in this paragraph.

1   2.     Responding to Paragraph 2, the City admits the allegations contained in this

2   paragraph.

3   3.     Responding to Paragraph 3, the City admits the allegations contained in this

4   paragraph.

5   4.     Responding to Paragraph 4, the City admits the allegations contained in this

6   paragraph.

7   5.     Responding to Paragraph 5, the City admits that the contents of Federal Rule of Civil

8   Procedure 23 speak for themselves.  The City lacks information sufficient to form a belief as to the

9   truth of the remaining allegations contained in paragraph 5, and denies the same on that basis.

10  6.     Responding to Paragraph 6, the City denies that post-Proposition K taxicab permit

11  holders have been or will be denied an accommodation for their disability in violation of the

12  Americans With Disabilities Act ("ADA").  The City is presently without sufficient knowledge or

13  information to form a belief as to the truth of the remaining allegations contained in this paragraph,

14  and on that basis denies them.

15  7.     Responding to Paragraph 7, the City is presently without sufficient knowledge or

16  information to form a belief as to the truth of the allegations contained in this paragraph, and on that

17  basis denies them.

18  8.     Responding to Paragraph 8, the City is presently without sufficient knowledge or

19  information to form a belief as to the truth of the allegations contained in the first sentence of this

20  paragraph, and on that basis denies them.  The City denies the allegations contained in the second

21  sentence of this paragraph.

22  9.     Responding to Paragraph 9, the City denies the allegations contained in this paragraph.

23  10.    Responding to Paragraph 10, the City denies the allegations contained in this

24  paragraph.

25  11.    Responding to Paragraph 11, the City admits that the contents of Sections 1091(f),

26  1090, and 1096 of the San Francisco Police Code speak for themselves.  The City lacks information

27  sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11, and

28  denies the same on that basis.

12.     Responding to Paragraph 12, the City admits the allegations contained in this paragraph as to Plaintiff Merrithew and denies the allegations as to Plaintiff Slone.

13.     Responding to Paragraph 13, the City admits that its prior statements speak for themselves.  The City denies each and every remaining allegation contained in paragraph 13.

14.     Responding to Paragraph 14, the City denies the allegations contained in this paragraph.

15.     Responding to Paragraph 15, the City admits that the contents of defendant San Francisco Taxicab Commission's policy with respect to the matters alleged therein speak for themselves.  The City denies each and every remaining allegation contained in paragraph 15.

16.     Responding to Paragraph 16, the City denies that the ADA requires it to modify its policy for the plaintiffs and the unnamed class members.  The City lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16, and denies the same on that basis.

17.     Responding to Paragraph 17, the City denies the allegations contained in this paragraph.

18.     Responding to Paragraph 18, the City admits that plaintiffs are post-Proposition K permit holders.  The City is presently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies them.

19.     Responding to Paragraph 19, the City admits the allegations contained in this paragraph as to Plaintiff Merriithew and denies them as to Plaintiff Slone.

20.     Responding to Paragraph 20, the City denies the allegations contained in this paragraph.

21.     Responding to Paragraph 21, the City denies the allegations contained in this paragraph.

22.     Responding to Paragraph 22, the City denies the allegations contained in this paragraph.

23.     Responding to Paragraph 23, the City admits that the contents of Proposition K speak for themselves.  The City denies each and every remaining allegation contained in paragraph 23.

1       24.     Responding to Paragraph 24, the City admits that the contents of the ballot analysis

2 and Section 1 of Proposition K speak for themselves.  The City denies each and every remaining

3 allegation contained in paragraph 24.

4       25.     Responding to Paragraph 25, the City admits that the contents of the ballot analysis of

5 Proposition K speak for themselves.  The City denies each and every remaining allegation contained

6 in paragraph 25.

7       26.     Responding to Paragraph 26, the City admits that the contents of Section 1 of

8 Proposition K speak for themselves.  The City denies each and every remaining allegation contained

9 in paragraph 26.

10       27.     Responding to Paragraph 27, the City admits that the contents of Proposition K,

11 including Section 1 and the ballot analysis, speak for themselves.  The City denies each and every

12 remaining allegation contained in paragraph 27.

13       28.     Responding to Paragraph 28, the City admits that the contents of Proposition K speak

14 for themselves.  The City denies each and every remaining allegation contained in paragraph 28.

15       29.     Responding to Paragraph 29, the City admits that the contents of Proposition K speak

16 for themselves.  The City denies each and every remaining allegation contained in paragraph 29.

17       30.     Responding to Paragraph 30, the City admits that the contents of Proposition K speak

18 for themselves.  The City denies each and every remaining allegation contained in paragraph 30.

19       31.     Responding to Paragraph 31, the City admits that the contents of Article 16 of the

20 Police Code speak for themselves.  The City denies each and every remaining allegation contained in

21 paragraph 31.

22       32.     Responding to Paragraph 32, the City admits that the contents of Article 16 of the

23 Police Code, including Section 1076 thereof, speak for themselves.  The City denies each and every

24 remaining allegation contained in paragraph 32.

25       33.     Responding to Paragraph 33, the City admits that the contents of Article 16 of the

26 Police Code, including Section 1081 thereof, speak for themselves.  The City denies each and every

27 remaining allegation contained in paragraph 33.

28

34.     Responding to Paragraph 34, the City admits that the contents of Article 16 of the Police Code, including Section 1096 thereof, speak for themselves.  The City denies each and every remaining allegation contained in paragraph 34.

35.     Responding to Paragraph 35, the City admits that the contents of the Police Code and of Proposition K speak for themselves.  The City denies each and every remaining allegation contained in paragraph 35.

36.     Responding to Paragraph 36, the City admits that the contents of Article 16 of the Police Code, including Section 1081 thereof,  speak for themselves.  The City denies each and every remaining allegation contained in paragraph 36.

37.     Responding to Paragraph 37, the City admits that the contents of Article 16 of the Police Code, including Section 1090 thereof, and of Proposition K, speak for themselves.  The City also admits that Police Code Section 1090 was last amended in 1988.  The City denies each and every remaining allegation contained in paragraph 37.

38.     Responding to Paragraph 38, the City admits that the contents of Article 16 of the Police Code, including Section 1096 thereof, speak for themselves.  The City denies each and every remaining allegation contained in paragraph 38.

39.     Responding to Paragraph 39, the City admits that the contents of the ADA speak for themselves.  The City also admits that the adoption and/or amendment dates of the ADA and the relevant sections of the Police Code are matter of public record which speak for themselves.  The City denies each and every remaining allegation contained in paragraph 39.

40.     Responding to Paragraph 40, the City admits that the contents of the ADA speak for themselves.  The City denies each and every remaining allegation contained in paragraph 40.

41.     Responding to Paragraph 41, the City admits that the contents of the ADA speak for themselves.  The City denies each and every remaining allegation contained in paragraph 41.

42.     Responding to Paragraph 42, the City admits that the contents of the ADA speak for themselves.  The City denies each and every remaining allegation contained in paragraph 42.

43.     Responding to Paragraph 43, the City admits the allegations contained therein.

44.    Responding to Paragraph 44, the City is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies them.

**45.**    Responding to Paragraph 45, and without waiving any applicable attorney-client or attorney work product privilege, the City admits that the contents of any publicly disclosed legal opinions authored by the City Attorney's Office are matters of public record and speak for themselves.  The City denies each and every remaining allegation contained in paragraph 45.

**46.**    Responding to Paragraph 46, and without waiving any applicable attorney-client or attorney work product privilege, the City admits that the contents of the City Attorney's Office's public advice to defendant San Francisco Taxicab Commission are matters of public record and speak for themselves.  The City denies each and every remaining allegation contained in paragraph 46.

47.    Responding to Paragraph 47, the City denies the allegations contained in this paragraph.

48.    Responding to Paragraph 48, the City admits that the San Francisco Taxi Permitholders and Drivers Association and certain other plaintiffs filed a lawsuit against the City in November 2000.  The City admits that the contents of the complaint speak for themselves.  The City denies each and every remaining allegation contained in paragraph 48.

49.    Responding to Paragraph 49, the City admits that the contents of the opinion of the Court of Appeal speak for themselves.  The City denies each and every remaining allegation contained in paragraph 49.

50.    Responding to Paragraph 50, the City admits that the contents of the opinion of the Court of Appeal speak for themselves.  The City denies each and every remaining allegation contained in paragraph 50.

51.    Responding to Paragraph 51, the City admits that the contents of the opinion of the Court of Appeal speak for themselves.  The City denies each and every remaining allegation contained in paragraph 51.

52.    Responding to Paragraph 52, the City admits that the contents of the Police Code, including Section 1081.5 thereof, speak for themselves.  The City denies each and every remaining allegation contained in paragraph 52.

53.    Responding to Paragraph 53, the City admits that the contents of Resolution 2002-93 speak for themselves.  The City denies each and every remaining allegation contained in paragraph 53.

54.    Responding to Paragraph 54, the City admits that the contents of Proposition K, the Police Code and the Voter's Pamphlet speak for themselves.  The City denies each and every remaining allegation contained in paragraph 54.

55.    Responding to Paragraph 55, the City admits that the contents of Proposition K speak for themselves.  The City denies each and every remaining allegation contained in paragraph 55.

56.    Responding to Paragraph 56, the allegations in this paragraph constitute legal assertions to which no response is required.  To the extent a response is deemed required, the City admits that the contents of Proposition K and Resolution 2002-93 speak for themselves.  The City denies each and every remaining allegation contained in paragraph 56.

57.    Responding to Paragraph 57, the allegations in this paragraph constitute legal assertions to which no response is required.  To the extent a response is deemed required, the City admits that the contents of Proposition K and Police Code Section 1096(a) speak for themselves.  The City denies each and every remaining allegation contained in paragraph 57.

58.    Responding to Paragraph 58, the allegations in this paragraph constitute legal assertions to which no response is required.  To the extent a response is deemed required, the City denies the allegations contained in this paragraph.

59.    Responding to Paragraph 59, the allegations in this paragraph constitute legal assertions to which no response is required.  To the extent a response is deemed required, the City denies the allegations contained in this paragraph.

60.    Responding to Paragraph 60, the allegations in this paragraph constitute legal assertions to which no response is required.  To the extent a response is deemed required, the City denies the allegations contained in this paragraph.

61.    Responding to Paragraph 61, the City states that it lacks information sufficient to form a belief as to truth of the allegation that Querida Rivera is "a disabled permit holder," and denies the same on that basis.  The City admits the remaining allegations contained in this paragraph.

62.    Responding to Paragraph 62, the City admits that the duties and responsibilities of the San Francisco Board of Appeals are set forth in the San Francisco Charter and Administrative Code, whose provisions speak for themselves.  The City also admits that the contents the Board of Appeals' ruling speak for themselves.  The City denies each and every remaining allegation contained in paragraph 62.

63.    Responding to Paragraph 63, the City admits that the contents Commission's record and the Board of Appeals' record and ruling speak for themselves.  The City denies each and every remaining allegation contained in paragraph 63.

64.    Responding to Paragraph 64, the City admits that the contents the Board of Appeals' ruling speak for themselves. The City denies each and every remaining allegation contained in paragraph 64.

65.    Responding to Paragraph 65, the City admits that the contents of the Commission's ruling and the Board of Appeals' ruling speak for themselves.  The City denies each and every remaining allegation contained in paragraph 65.

66.    Responding to Paragraph 66, the City admits that the contents the Board of Appeals' rulings speak for themselves.  The City further admits that it lacks information sufficient to form a belief as to the truth of the allegations that permit holders Mark and Joel Hollander were or are "disabled," and denies the same on that basis.  The City denies each and every remaining allegation contained in paragraph 66.

67.    Responding to Paragraph 67, the City admits that the contents the Board of Appeals' ruling speak for themselves.  The City denies each and every remaining allegation contained in paragraph 67.

**68.**    Responding to Paragraph 68, the City admits that the contents the policies and programs of the Commission referenced in this paragraph speak for themselves.  The City denies each and every remaining allegation contained in paragraph 68.

1      **69.**    Responding to Paragraph 69, the City admits that the contents the policies and

2  programs referenced therein speak for themselves.  The City denies each and every remaining

3  allegation contained in paragraph 69.

4      70.    Responding to Paragraph 70, the City denies the allegations contained in this

5  paragraph.

6      71.    Responding to Paragraph 71, the City denies the allegations contained in this

7  paragraph.

8      72.    Responding to Paragraph 72, the City admits that the contents of the Commission's

9  policy speak for themselves.  The City denies each and every remaining allegation contained in

10 paragraph 72.

11     73.    Responding to Paragraph 73, the City admits that the contents the July 2003

12 Memorandum speak for themselves.  The City denies each and every remaining allegation contained

13 in paragraph 73.

14     74.    Responding to Paragraph 74, the City admits that the contents of the Baord of Appeals'

15 ruling with respect to Joel Hollander speak for themselves.  The City denies each and every

16 remaining allegation contained in paragraph 74.

17     75.    Responding to Paragraph 75, the City admits that the contents of the Board of Appeals'

18 ruling with respect to Joel Hollander speak for themselves.  The City denies each and every

19 remaining allegation contained in paragraph 75.

20     76.    Responding to Paragraph 76, the City denies the allegations contained therein.

21     77.    Responding to Paragraph 77, the City admits that the contents of the Commission's

22 policies and programs speak for themselves.  The City denies each and every remaining allegation

23 contained in paragraph 77.

24     78.    Responding to Paragraph 78, the City admits the allegations contained therein.

25     79.    Responding to Paragraph 79, the City denies the allegations contained therein.

26     80.    Responding to Paragraph 80, and without waiving any applicable attorney-client or

27 attorney work product privilege, the City admits that the contents of any publicly-disclosed legal

28

opinions of the City Attorney's Office speak for themselves. The City denies each and every remaining allegation contained in paragraph 80.

81.     Responding to Paragraph 81, and without waiving any applicable attorney-client or attorney work product privilege, the City admits that the contents of any publicly-disclosed legal opinions of the City Attorney's Office speak for themselves. The City denies each and every remaining allegation contained in paragraph 81.

82.     Responding to Paragraph 82, the City admits that the contents of Resolution 2006-28 of the San Francisco Taxicab Commission speak for themselves. The City denies each and every remaining allegation contained in paragraph 82.

83.     Responding to Paragraph 83, the City admits that the contents of Resolution 2006-28 speak for themselves. The City denies each and every remaining allegation contained in paragraph 83.

84.     Responding to Paragraph 84, the City admits that the contents of Resolution 2006-28 speak for themselves. The City denies each and every remaining allegation contained in paragraph 84.

85.     Responding to Paragraph 85, the City denies that Defendants have acknowledged that Plaintiffs have qualified ADA disabilities, and admits that the contents Resolution 2006-28, the Commissions prior policies, and the Court of Appeal's opinion speak for themselves. The City denies each and every remaining allegation contained in paragraph 85.

## FIRST CAUSE OF ACTION

86.     The City re-alleges and incorporates by reference the responses contained in Paragraphs 1 through 85 above.

87.     Responding to Paragraph 87, the City admits that an actual controversy over the validity of Resolution 2006-28 has arisen between the City and Plaintiff Merrithew, and denies that an actual controversy over the validity of Resolution 2006-28 has arisen between the City and Plaintiff Slone. The City lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 87, and denies the same on that basis.

88.     Responding to Paragraph 88, the City lacks information sufficient to form a belief as to the truth of the allegations contained therein, and denies the same on that basis.

89.     Responding to the allegations in Paragraph 89, the City denies that attorney fees are proper and allowed.  The City is presently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies them.

## SECOND CAUSE OF ACTION

90.     The City re-alleges and incorporates by reference the responses contained in Paragraphs 1 through 89 above.

91.     Responding to Paragraph 91, the City denies the allegations contained in this paragraph.

92.     Responding to Paragraph 92, the City denies the allegations contained in this paragraph.

93.     Responding to the allegations in Paragraph 93, the City denies that attorney fees are proper and allowed.  The City is presently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies them.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Subject Matter Jurisdiction)

Plaintiffs' complaint is barred, in whole or in part, because this Court lacks subject matter jurisdiction over the claims alleged therein.

### Second Affirmative Defense
### (Standing to Sue)

Plaintiffs' complaint is barred, in whole or in part, because one or both plaintiffs lack  standing to sue under Article III of the United States Constitution.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Third Affirmative Defense**
**(Ripeness)**

Plaintiffs' complaint is barred, in whole or in part, because the claims alleged therein are not ripe for review.

**Fourth Affirmative Defense**
**(Res Judicata/Collateral Estoppel)**

Plaintiffs' complaint is barred, in whole or in part, under the doctrines of res judicata and collateral estoppel.

**Fifth Affirmative Defense**
**(Failure to State a Claim)**

The allegations in the complaint fail to state a claim on which relief can be granted.

**Sixth Affirmative Defense**
**(Class Action)**

The claims set forth in the complaint are not proper for treatment as a class action because:

1. There is no ascertainable or identifiable class.

2. There are questions of law and fact peculiar to each member of the purported class will predominate over the questions of fact and law, if any, which may be common to the members of the purported class.

3. The named plaintiffs' claims are not typical of the claims of the purported class.

4. The named plaintiffs and their attorneys are not adequate representatives of the purported class.

5. A class action is not the best method for resolving the alleged claims set forth in the complaint and will not secure substantial benefit to the Court or the parties.

**Seventh Affirmative Defense**
**(Plaintiffs Seek Fundamental Alteration of Program)**

The Complaint is barred in that and to the extent that the relief sought would require defendants to alter fundamentally his or its services and programs.

**Eighth Affirmative Defense**
**(Exhaustion of Remedies)**

The complaint is barred, in whole or in part, in that plaintiffs have failed to exhaust their administrative and other state remedies.

**Ninth Affirmative Defense**
**(Tenth Amendment)**

The Complaint is barred, in whole or in part, by the Tenth Amendment to the Constitution of the United States.

**Eleventh Affirmative Defense**
**(Congress Exceeded Article I Power)**

To the extent the Americans with Disabilities Act and/or Rehabilitation Act purport to apply to the defendants' policies or programs at issue, Congress exceeded its power in enacting those Acts under Article I of the Constitution of the United States.

**Twelfth Affirmative Defense**
**(Congress Exceeded Fourteenth Amendment Power)**

To the extent the Americans with Disabilities Act and/or Rehabilitation Act purport to apply to the defendants' policies or programs at issue,Congress exceeded its power in enacting those Acts under Section 5 of the Fourteenth Amendment to the Constitution of the United States.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Additional Affirmative Defenses**

The City presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  The City reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.


## PRAYER

WHEREFORE, the City prays for judgment as follows:

1. That the plaintiffs take nothing from defendants by this complaint.

2. That the plaintiffs' suit be dismissed.

3. That the City be awarded costs of suit incurred herein; and

4. That the City be granted other and further relief the Court deems just or proper.



Dated:  July 25, 2007

                                        DENNIS J. HERRERA
                                        City Attorney
                                        WAYNE SNODGRASS
                                        VINCE CHHABRIA
                                        Deputy City Attorneys


                                By:_____/S/_____.
                                        VINCE CHHABRIA

                                        Attorneys for Defendants TAXI COMMISSION and
                                        CITY AND COUNTY OF SAN FRANCISCO