# EXHIBIT K



CITY AND COUNTY OF
SAN FRANCISCO

TAXICAB COMMISSION
MAYOR WILLIE L. BROWN, JR.

NAOMI M. LITTLE, EXECUTIVE DIRECTOR

LYNETTE SWEET, PRESIDENT
PAUL GILLESPIE, VICE PRESIDENT
SERIGO ALUNAN, COMMISSIONER
PATRICIA BRESLIN, COMMISSIONER
R. BOWMAN LEONG, COMMISSIONER
MARY McGUIRE, COMMISSIONER
MARTIN SMITH, COMMISSIONER

October 22, 2002

At the meeting of the Taxicab Commission on Tuesday, October 8, 2002 the following resolutions and findings were adopted:

### RESOLUTION NO. 2002-93
### CONTINUOUS DRIVING IS AN ESSENTIAL ELIGIBILITY REQUIREMENT OF THE CITY'S TAXI PERMITTING PROGRAMS

WHEREAS, the text of Proposition K indicates the importance that measure places on permitholders driving on a continuous basis, by
- requiring every applicant for a motor vehicle for hire permit to declare under penalty of perjury that he or she intends actively and personally to engage full-time as permittee-driver under any permit issued to him or her;
- defining full-time driving with considerable specificity; and
- requiring the Taxi Commission, in determining whether or not public convenience and necessity exist for the issuance of a permit, to find that the applicant will be a full-time driver; and

WHEREAS, this Commission has recognized that a basic principle central to Proposition K is that permitholders be full-time drivers rather than absentees and the California Court of Appeals has likewise recognized that Proposition K embraces a strong policy favoring full-time, or continuous, driving by permitholders;

WHEREAS, Proposition K had as a main purpose to shift the City's taxi permitting process from a system that allowed corporations and nondrivers to hold permits, to a system in which only bona fide drivers would hold permits; and this central purpose will be compromised if nondrivers are allowed to hold permits, because in every such case, the nondriver would hold the permit at the expense of an actual driver who otherwise would be issued the permit;

WHEREAS, the requirement that permitholders drive on a continuous basis serves the public interest in a number of ways, including that
- it tends to promote stability in the driving work force, because if permits can be held by absentees, there will be fewer opportunities for nonpermitholding drivers to obtain permits and thus less incentive for drivers to stay in the industry for lengthy periods of time;
- it tends to promote experience in the driving work force, because it ensures that for a significant part of the time a permitted vehicle is driven, the driver must be someone who drives frequently;
- it tends to promote a sense of equity among the driving work force, because it requires that persons doing the day-to-day work of driving receive the rewards of being a permitholder;
- it tends to promote greater cleanliness, comfort, and safety of vehicles, because the permitholder must drive the permitted vehicle frequently and thus has a personal incentive to ensure that the vehicle is clean, comfortable, and safe; and

- it provides an entrepreneurial opportunity and a degree of upward mobility for drivers; and

WHEREAS, Federal and State disability laws do not require the City to waive essential eligibility requirements of its taxi permitting programs, but do require the City to make reasonable accommodations to aid disabled permitholders in complying with essential eligibility requirements; and

WHEREAS, the California Court of Appeal has stated that the City, in defining continuous driving, need not strictly adhere to the specific quantitative formula in Proposition K for measuring full-time driving, but may make some limited allowance for disabled permitholders by employing an alternative definition, provided that the alternative definition complies with Proposition K's mandate that permitholders drive on a continuous basis; now, therefore,

BE IT RESOLVED, That continuous driving is an essential eligibility requirement of the City's programs for the permitting of motor vehicles for hire, and that exempting a permitholder from that requirement would fundamentally alter the nature of those programs; and

BE IT FURTHER RESOLVED, That this resolution is not intended to restrict the Commission's discretion in devising alternative definitions of continuous driving to accommodate disabled permitholders whose disability precludes them from complying with the specific quantitative formula in Proposition K for measuring full-time driving, provided that any alternative definition for measuring full-time driving, satisfies the continuous driving requirement mandated by Proposition K; and

BE IT FURTHER RESOLVED, That this resolution is not intended to restrict the Commission's discretion in determining what sanction or sanctions may be appropriate to impose on a disabled permitholder who does not meet Proposition K's continuous driving requirement.

                Respectfully submitted,

                Sonya Banks
                Commission Secretary