DENNIS J. HERRERA, State Bar #139669
City Attorney
WAYNE SNODGRASS, State Bar #148137
VINCE CHHABRIA, State Bar #208557
FRANCESCA GESSNER, State Bar #247553
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-5408
Telephone:     (415) 554-4762
Facsimile:      (415) 554-4699
E-Mail:          francesca.gessner@sfgov.org

Attorneys for Defendants
TAXI COMMISSION and
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SLONE and MICHAEL MERRITHEW,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>TAXI COMMISSION, CITY AND COUNTY OF SAN FRANCISCO, Executive Director Heidi Machen; CITY AND COUNTY OF SAN FRANCISCO, a California public entity,<br><br>　　　　　　Defendants. | Case No. C07-3335 JSW<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:    April 8, 2008<br>Time:              9:00 a.m.<br>Place:             Ctrm. 2, 17th Floor |

　　　　The motion for summary judgment and/or partial summary judgment filed by defendants City and County of San Francisco and Taxi Commission ("City") came on for hearing at 9:00 a.m. on Tuesday, April 8, 2008 in Courtroom 2 of the United States District Court, 450 Golden Gate Avenue, San Francisco.  Joseph Breall and Elliott Myles appeared on behalf of plaintiffs William Slone and Michael Merrithew.  Francesca Gessner and Vince Chhabria appeared on behalf of the City.  After considering the papers and the applicable authorities, and having had the benefit of oral argument, the

1  Court finds that Title II of the Americans With Disabilities Act 42 U.S.C. § 12132 ("ADA"), does not
2  require the City to exempt disabled individuals from its statutory, voter-mandated requirement that
3  taxi medallion holders personally drive their cabs in order to hold a medallion.

4      San Francisco's taxi permitting program was created by an initiative ordinance approved by
5  the San Francisco voters in 1978, and codified by the Board of Supervisors in several provisions of
6  the San Francisco Police Code.  Under this program, taxi permits ("medallions") are public property
7  owned by the City and licensed to individual working cab drivers.  To ensure that medallions are held
8  by working cab drivers, City law requires medallion holders to drive a set number of shifts or hours
9  per year.  *See* S.F. Admin. Code Appx. 6 §§ 2(b), 3(d); S.F. Police Code §§ 1081(f), 1186(a).  The
10 Taxi Commission, the Board of Supervisors and the voters have all recognized the driving
11 requirement is an essential feature of being a medallion holder and that failure to drive is grounds for
12 revocation of a medallion.

13     Title II of the ADA requires the City to provide "reasonable modifications" to make its
14 medallion program accessible to disabled individuals, unless such modification would "fundamentally
15 alter" the nature of the program.  28 C.F.R. § 35.130(b)(7).  The City's duty to provide a "reasonable
16 modification" does not extend to waiving or compromising an essential eligibility requirement of the
17 program.  *See Tennessee v. Lane*, 541 U.S. 509, 531-32 (2004).  Plaintiffs' requested accommodation
18 – indefinite annual waivers of the driving requirement – would require the City to ignore an essential
19 eligibility requirement of its medallion program and thereby fundamentally alter the nature of the
20 program.  *See PGA Tour, Inc. v. Martin*, 532 U.S. 661, 689 (2001).  It would allow medallion holders
21 to keep their medallions for years on end even though they no longer drive, thereby transforming the
22 program into a *de facto* disability income or retirement program – something it was never intended to
23 be.  Given the finite number of medallions, plaintiffs' requested accommodation would also result in
24 delaying or denying medallions to many working cab drivers on the City's 3,000 person-long
25 medallion waiting list.  It would thus stand the City's medallion program on its head, by favoring
26 nondrivers over drivers.  Such a radical alteration of the City's thirty year-old medallion program is
27 not a "reasonable modification" required by the ADA.  *See Lane*, 541 U.S. at 531-32; 28 C.F.R. §
28 35.130(b)(7).  "The judiciary is not the place for policy changes or fundamental alterations to enacted

legislation." *Safe Air for Everyone v. Idaho*, 469 F. Supp. 2d 884, 892 (D. Idaho 2006).  Accordingly, Plaintiffs are not "qualified individuals" under the ADA and cannot succeed on their claim as a matter of law.

      Accordingly, the City's motion for summary judgment is GRANTED.

Dated: _____, 2008

By:_____
    JEFFREY S. WHITE
    UNITED STATES DISTRICT JUDGE