Joseph M. Breall, Esq. (SBN 124329)
BREALL & BREALL, LLP
1255 Post Street, Suite 800
San Francisco, California 94109
Telephone: (415) 345-0545
Facsimile: (415) 345-0538
e-mail: jmbreall@breallaw.com

Elliott A. Myles, Esq. (SBN 127712)
MYLES LAW FIRM, INC.
P.O. Box 11094
Oakland, CA 94611
Tel: (510) 986-0877
Fax: (510) 986-0843
email: elliott@myleslawfirm.com

Attorneys for Plaintiffs
WILLIAM SLONE and MICHAEL MERRITHEW

THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM SLONE and MICHAEL MERRITHEW,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>TAXI COMMISSION, CITY AND COUNTY OF SAN FRANCISCO, etc., et al.,<br><br>                    Defendants. | CASE NO. C07-3335 JSW<br><br>PLAINTIFFS' OBJECTION TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE.<br><br>HEARING DATE: April 4, 2008<br>TIME: 9:00 a.m.<br>PLACE: Courtroom 2, 17th Floor |

COMES NOW Plaintiffs, William Slone and Michael Merrithew, by and through their undersigned counsel of record, and object to Defendants' Requests for Judicial Notice in support of Defendants' Motion for Summary Judgment on file herein as follows:

Exhibit B. While a court may take judicial notice of an administrative agency, <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. 1986), the San Francisco Planning and Urban Research Association is not such an agency. Defendants have provided no information which would permit the Court to notice the facts or the accuracy of the facts stated in Exhibit B under F.R.Evid. 201(b). Accordingly, the Court should not take judicial notice of Exhibit B.

Exhibit I. Pursuant to California Rules of Court Rule 8.1115, an opinion of a California Court of Appeal that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action, unless (1) the opinion is relevant under the doctrines of law of the case, res judicata, or collateral estoppel; or (2) the opinion is relevant to a criminal or disciplinary action because it states reasons for a decision affecting the same defendant or respondent in another such action. Neither plaintiff was a party to the uncertified case cited in Exhibit I. Neither of the exceptions to the rule apply, and the Court should not take judicial notice of an uncertified, unpublished case.

Exhibits L and M. Proposition N did not pass. Moreover, Defendants took no formal action based on the rejection of Proposition N by the voters. <u>Deposition of Paul Gillespie</u>, p. 154, line 10-25. San Francisco City Charter §4.104(b) requires all "appointive boards, commissions or other units of government" to act by a "majority, two-thirds, three-fourths or other vote of all members" when a quorum of the members are present. Since the Taxi Commission did not act by a majority or other vote of all members, it could not have adopted any policy based on the voter's rejection of Proposition N. Accordingly, Proposition N is irrelevant.

A voter passed initiative can only be amended by a subsequent voter passed initiative. SF City Charter, § 14.101. Because Proposition N was not passed, it could not have affected the clear and unambiguous language of Proposition K, and is therefore irrelevant.

Finally, a local initiative cannot overturn a federal statute. *Gonzales v. Reich*, 545 U.S. 1, 26-29 (2005); *United States v. Oakland Cannabis Buyers' Cooperative*, 532 U.S. 483, 491-495 (2001). *A fortiori* the rejection of a local initiative cannot overturn a federal statute. Exhibits L and M are wholly irrelevant for all purposes.

Respectfully submitted,

DATED: February 29, 2008

BREALL & BREALL, LLP
THE MYLES LAW FIRM, INC.

By: _____
JOSEPH M. BREALL, ESQ.
ELLIOTT A. MYLES, ESQ.
Attorneys for Plaintiffs