FILE NO. 15-88-2                          ORDINANCE NO. 562-88

1
2   [Regulations for Motor Vehicles for Hire]

3   AMENDING PART II, CHAPTER VIII OF THE SAN FRANCISCO MUNICIPAL CODE
4   (POLICE CODE), BY REPEALING ARTICLE 16 OF SAID CHAPTER (REGULATIONS
5   FOR MOTOR VEHICLES FOR HIRE) AND ENACTING A NEW ARTICLE 16; AND
6   AMENDING ARTICLE 1, SECTIONS 51.1 AND 53 OF SAID CHAPTER TO CONFORM
7   CROSS-REFERENCES THEREIN; THIS ORDINANCE TO TAKE EFFECT ON MARCH 1,
8   1989.
9
10  Be it ordained by the people of the City and County of San Francisco:
11
12       Section 1.  Chapter VIII, Part II, Article 16, of the
13  San Francisco Municipal Code (Police Code) ("Regulations for Motor
14  Vehicles for Hire") is hereby repealed.
15
16       Section 2.  Chapter VIII, Part II, of the San Francisco
17  Municipal Code (Police Code) is hereby amended by adding a new
18  Article 16 ("Regulations for Motor Vehicles for Hire") thereto,
19  reading as follows:
20                          ARTICLE 16
21              REGULATIONS FOR MOTOR VEHICLES FOR HIRE
22
23       DIVISION 1 - PROVISIONS GOVERNING ALL VEHICLES
24       SEC. 1075.  DECLARATION OF POLICY.  The Board of Supervisors
25  of the City and County of San Francisco hereby declare it shall be
26  the policy of the City and County of San Francisco that:
27       (a)  All motor vehicle for hire permits issued by the City and
28  County of San Francisco are the property of the people of the City
29  / / /
30  / / /
    / / /

and County of San Francisco and shall not be sold, assigned or transferred.

(b)  A sufficient number of permits for each type, kind, or class of motor vehicle for hire shall be issued to assure adequate service to the public, including residents, commuters, tourists and other visitors.

(c)  All taxicabs shall be operated with an effective 24-hour radio dispatch service to assure prompt, safe and adequate service for all residents of the City and County of San Francisco, including, without limitation, elderly and handicapped persons, in all locations throughout the City and County.

(d)  Taxicab operators may charge less than the maximum fare set by law, as set forth below.

(e)  All commercial operation of motor vehicles for hire in the City and County of San Francisco shall be subject to regulation under this Article, except to the extent that such regulation is preempted or precluded by state or federal law.  It is the intent of the Board of Supervisors that this Article shall apply to all motor vehicles for hire, including those which may from time to time be deregulated by state or federal authority although now or in the future exempted from regulation hereunder by virtue of state or federal law.

(f)  The public will benefit from additional efforts to enforce the provisions of this Article, and a portion of the cost of enforcement should be funded through fees collected from holders of permits issued under this Article.

SEC. 1076.  DEFINITIONS.  For purposes of this Article the following words and phrases are defined and shall be construed as hereinafter set forth:

/ / /

SUPERVISOR SILVER
3013g
BOARD OF SUPERVISORS

(a) "Motor vehicle for hire" Defined. A "motor vehicle for hire" is hereby defined to mean and include every type, kind, and class of privately-owned motor-propelled passenger-carrying vehicle for hire over which the City and County of San Francisco may exercise jurisdiction.

(b) "Taxicab" Defined. A "taxicab" is hereby defined to be a motor vehicle for hire of a distinctive color or colors and which is operated at rates per mile or upon a waiting-time basis, or both, and which is equipped with a taximeter and which is used for the transportation of passengers for hire over and along the public streets, not over a defined route but, as to the route and destination, in accordance with and under the direction of the passenger or person hiring such vehicle.

(c) "Taximeter" Defined. A "taximeter" is hereby defined to be an instrument or device attached to a motor vehicle for hire by means of which instrument or device the charge authorized for hire of such vehicle is mechanically calculated either on a basis of distance traveled or for waiting time, or a combination thereof, which charges shall be indicated upon such taximeter by means of figures, in dollars and cents.

(d) "Taxicab dispatch service" Defined. A "taxicab dispatch service" is hereby defined to be any person, business, firm, partnership, association, or corporation which holds itself out to the public in general as a source of taxicab service by or through which taxicabs may be summoned or dispatched by radio.

(e) "Taxicab color scheme" Defined. A "taxicab color scheme" is hereby defined to be color scheme, design or dress for taxicabs that is distinguishable from the color scheme, design or dress customarily used for private automobiles.

/ / /

SUPERVISOR SILVER
3013g
BOARD OF SUPERVISORS

(f) "Jitney" Defined. A "jitney" or "jitney bus" is defined to be a motor vehicle for hire less than 20 feet in length traversing the public streets between certain definite points or termini and conveying no more than 15 passengers for a fixed charge, between such points or any intermediate points, and so held out, advertised, or announced; provided, however, that the size and passenger limitations established herein shall not apply to any vehicle operated as of July 1, 1983. A jitney bus is hereby declared to be a common carrier and is subject to the regulations prescribed in the Municipal Code and in this Article.

(g) "Motorized rickshaw" Defined. A "motorized rickshaw" is hereby defined to be a passenger carrying motor vehicle for hire having three or four wheels, convertible type, designed to carry not more than four passengers. The gross weight of a motorized rickshaw shall not exceed 4,700 pounds, unloaded, and shall have a wheel base not to exceed 95 inches, and shall have an engine not to exceed four cylinders. A motorized rickshaw shall have a cloth hood over the rear seating area that shall resemble the hood of a traditional oriental rikisha or jinrikisha.

(h) "Limousine" Defined. A "limousine" is hereby defined to be a passenger-carrying motor vehicle for hire, of private appearance (except as to license plates), not equipped with a taximeter, designed to accommodate seven or eight persons, inclusive of a driver, and used for the transportation of persons for hire over and along the public streets, not over a fixed and defined route but, as to route and destination, in accordance with and under the direction of the passenger or person hiring such limousine, the charges for use of which are based upon rates per mile, per trip, per hour, per day, per week or per month.

/ / /

(i) "Funeral limousine" Defined. A "funeral limousine" is hereby defined to be any limousine used exclusively in the business of any undertaker or funeral director.

(j) "Sightseeing bus" Defined. A "sightseeing bus" is hereby defined to be a motor vehicle for hire used in the conveyance, for hire, of tourists and sightseers, over the public streets, for the purpose of a sightseeing trip or tour in the visiting and viewing of places of interest. A "sightseeing bus" is hereby declared to be a common carrier and subject to the regulations prescribed in the Municipal Code and this Article.

(k) "Interurban bus" Defined. An "Interurban bus" is hereby defined to be a motor vehicle for hire, other than a jitney bus used for transporting passengers for hire over and along the public streets between certain definite points or termini, one within and the other without the limits of the City and County of San Francisco. An "interurban bus" is hereby declared to be a common carrier and subject to the regulations prescribed in the Municipal Code and this Article.

(l) "Permittee" Defined. "Permittee" is hereby defined to mean any person, business, firm, partnership, association, or corporation which holds any permit or license issued by or under the authority of the City and County of San Francisco to operate or drive any motor vehicle for hire. "Permit holder" means "permittee."

(m) "Operator" Defined. "Operator" is hereby defined to mean any person, business, firm, partnership, association, or corporation licensed by the City and County of San Francisco pursuant to the provisions of this Article and any agent of such permittee including, but not limited to, any manager or lessee of said permittee.

(n) "Driver" Defined. "Driver" is hereby defined to mean any person engaged in the mechanical operation and having physical charge or custody of a motor vehicle for hire while said motor vehicle for hire is available for hire or is actually hired.

(o) "Full-time driver" Defined. "Full-time driver" is hereby defined to mean any driver actually engaged in the mechanical operation and having physical charge or custody of a motor vehicle for hire which is available for hire or actually hired for at least four hours during any 24-hour period on at least 75 percent of the business days during the calendar year.

(p) "Stand" Defined. "Stand" is hereby defined to be a place designated by the Department of Public Works for the use, while awaiting employment, of the particular motor-propelled passenger-carrying vehicles authorized to utilize the same.

(q) "Police Commission" Defined. "Police Commission" as used herein means the Police Commission of the City and County of San Francisco.

(r) "Police Department" Defined. "Police Department" as used herein means the Police Department of the City and County of San Francisco.

(s) "Chief of Police" Defined. "Chief of Police" as used herein means the Chief of Police of the Police Department of the City and County of San Francisco and his designated agents within the Police Department.

(t) "Tax Collector" Defined. "Tax Collector" as used herein means the Tax Collector of the City and County of San Francisco.

(u) "Controller" Defined. "Controller" as used herein means the Controller of the City and County of San Francisco.

(v) "Department of Public Works" Defined. "Department of Public Works" as used herein means the Department of Public Works of the City and County of San Francisco.

(w)  "Employer's Bus" Defined.  "Employer's Bus" as used herein means a bus or other vehicle capable of transporting 12 or more persons, including the driver, which is regularly operated and maintained in order to transport employees to and from various business locations by a person or corporation which employs 100 or more persons at one location within the City and County of San Francisco.

(x) "Employer's Bus Stand" Defined.  "Employer's Bus Stand" as used herein means that portion of the street which the Department of Public Works designates as reserved for the exclusive use of one or more Employers' Buses in order to load and unload passengers at a business location of the employer.

SEC. 1077.  ADMINISTRATION OF THIS ARTICLE; AUTHORITY TO ISSUE REGULATIONS.

(a)  Rules and Regulations.  The Chief of Police from time to time shall, after a noticed public hearing, adopt such rules and regulations to effect the purposes of this Article as are not in conflict therewith.

(b)  Administration of Regulations.  As set forth elsewhere in this Article, the Police Commission and the Chief of Police shall be charged with administering and enforcing the provisions of this Article, and any rules or regulations promulgated hereunder.

SEC. 1078.  PERMIT REQUIRED FOR OPERATION OF MOTOR VEHICLES FOR HIRE; EXCLUSIONS.

(a)  Permit Required.  No person, business, firm, partnership, association, or corporation shall drive or operate any motor vehicle for hire on the public streets of the City and County of San Francisco, nor shall any person, business, firm, partnership, association, or corporation operate any taxicab radio-dispatch service or taxicab color scheme in the City and County of San

Francisco, without a permit issued by the Police Commission authorizing such driving or operation in accordance with the provisions of this Article.

(b)  Limitation on Types of Vehicles for Hire.  No person, business, firm, partnership, association, or corporation shall drive or operate, directly or indirectly, any motor vehicle for hire on the public streets of the City and County of San Francisco which is not specifically defined in this Article; provided, however, that the Police Commission may declare, after a noticed public hearing, that the public convenience and necessity require the operation of a type, kind, or class of motor vehicle for hire not herein defined, and issue a permit or permits for such type, kind, or class of motor vehicle for hire in accordance with the procedures and provisions set forth in Sections 1079 through 1081 of this Article.

(c)  Exclusion for Vehicles Licensed in Other Jurisdictions. This Article shall not apply to any motor vehicle for hire duly licensed by any city, county or other public entity which may enter the City and County of San Francisco for the purpose of delivering passengers who have hired said motor vehicle for hire within a jurisdiction in which said motor vehicle for hire is licensed to operate; provided, however, that no such motor vehicle for hire shall accept or be hired by any passenger while in the City and County of San Francisco.

(d)  Exclusion for Vehicles Licensed by California PUC.  This Article shall not apply to the operation of motor vehicles engaged in the business of, or used for, transporting passengers for hire when such motor vehicles are operated under and by authority of certificates of public convenience and necessity issued by the Public Utilities Commission of the State of California; provided, however, that this clause shall be construed to create an exception

SUPERVISOR SILVER
3013g
BOARD OF SUPERVISORS

Page 8
05/13/89

only to the extent, character and type of operation expressly prescribed and authorized by the certificate issued by said Public Utilities Commission and shall be limited by and entirely within the scope of said certificate as issued by said Public Utilities Commission.

(e) Partial Exclusion for Funeral Limousines. Any person engaged in the business of undertaker or funeral director desiring a permit for the operation of a limousine or limousines used solely in connection with said business shall not be required to qualify under Sections 1079 through 1081 or Sections 1091 through 1094 of this Article; provided, however, that the Police Commission shall have the power to grant permits exclusively for such funeral limousines after a noticed hearing on an application therefor. The Police Commission may prescribe the form and content for such applications. All funeral limousine permittees shall be subject to the condition and rule making authority of the Police Commission and the Chief of Police as provided for in Section 1077 of this Article. Such permits shall be nonassignable and nontransferable.

(f) Exclusion for Employers' Buses. No permit is required under this Article for the operation of an employer's bus as defined in Section 1076(w).

(g) Exclusion for Private Ambulances. This Article shall not apply to private ambulances regulated under Part II, Chapter V of the Municipal Code (Health Code).

(h) Exclusion for Rail Vehicles. This Article shall not apply to any vehicle operating on fixed tracks or rails.

SEC. 1079. ISSUANCE OF PERMITS; APPLICATIONS; HEARINGS.

(a) Scope of Section. To the extent the provisions of this Section and Sections 1080 through 1088 of this Article are inconsistent with the provisions of Sections 2.1 through 2.30 of

SUPERVISOR SILVER
3013g
BOARD OF SUPERVISORS

Page 9
03/13/89

Article I of the San Francisco Police Code, the provisions of this Article shall be applicable to all permits for the operation of motor vehicles for hire granted pursuant to this Article; provided, however, that certain alternative and additional provisions with respect to permits for the operation of taxicabs are set forth below in Sections 1120 et seq.  Provisions of this Section shall not apply to taxicab dispatch service, taxicab color scheme permits, or permits for the operation of a rental vehicle business under Division 8 of this Article.

(b)  Police Commission to Issue Permits.  The Police Commission shall issue permits for the operation of motor vehicles for hire that are provided for in this Article as the public convenience and necessity shall require.  The Police Commission shall not issue a permit for any motor vehicle for hire service not defined in Section 1076 hereof, except as provided for in Section 1078(b) of this Article.

(c)  Declaration of Public Convenience and Necessity.  No permit shall be issued for the operation of any motor vehicle for hire unless and until the Police Commission shall by resolution declare that public convenience and necessity require the proposed service for which application for a permit is made and the applicant is found to be eligible under all the requirements of this Article.

(d)  Hearings to Determine Public Convenience and Necessity. The Police Commission shall hold hearings to determine public convenience and necessity pursuant to all applications for the issuance of permits to operate motor vehicles for hire.  Protests against the issuing of a permit may be filed with the Police Commission.  The Police Commission shall consider all protests and in conducting its hearing shall have the right to call such additional witnesses as it desires.  In all such hearings, the

SUPERVISOR SILVER
3013g
BOARD OF SUPERVISORS

Page 10
03/13/89

burden of proof shall be upon the individual applicant to establish by clear and convincing evidence that public convenience and necessity require the operation of the vehicle or vehicles for which permit application has been made, and that such application in all other respects should be granted.  Subject to the provisions of subsection (e) of this Section, hearings on applications for declaration of public convenience and necessity shall be held at least once each calendar year for each type, kind, or class of permit for which one or more applications are pending.

(e)  Consolidation of Hearings Permitted.  The Police Commission may consolidate for hearing and determination of public convenience and necessity all applications for a given type, kind, or class of permit.  Any declaration of public convenience and necessity made by the Police Commission pursuant to such a consolidated hearing shall be valid and binding as to the total number of permits authorized for a particular type, kind, or class of permit and as to each application included for hearing in said consolidated hearing and shall have continuing force and effect until the next subsequent Police Commission hearing on public convenience and necessity as to that particular type, kind, or class of permit.  Any applicant whose application is called for hearing at a consolidated hearing may rely upon the testimony and evidence adduced before the Police Commission by other pending applicants and may choose not to give additional evidence of public convenience and necessity, in the sole discretion and judgment of the individual applicant; provided, however, that the burden of proof in establishing public convenience and necessity shall remain on each applicant.

(f)  Notice of Commission's Determination.  Written notice of

SUPERVISOR SILVER
3013g

BOARD OF SUPERVISORS

a declaration of public convenience and necessity by the Police

Commission shall be given to all subject applicants and all

protestors whose names and addresses are known to said Commission.

Such notice shall be given forthwith upon the adoption of such

declaration.  A declaration of public convenience

and necessity made at or as a result of a consolidated hearing under

subsection (e) of this Section may be appealed to the Board of

Permit Appeals as set forth in Section 3.651 of the Charter of the

City and County of San Francisco.

     (g)  Separate Hearings for Individual Applicants.

Notwithstanding any consolidated hearing on public convenience and

necessity as provided for in subsection (e) of this Section, every

applicant for a permit to operate a motor vehicle for hire shall

have a separate hearing to review and determine the applicant's

individual eligibility and compliance with all applicable laws,

rules, and regulations before a permit is issued, notice of which

shall be given in the same manner as set forth in Section 1080(a) of

this Article.  The Police Department shall investigate each

applicant and shall report to the Police Commission on the results

of said investigation at the time of the hearing on the applicant's

individual qualifications.  If public convenience and necessity is

declared for the issuance of a permit and an applicant is found to

be eligible therefor after consideration by the Police Commission of

the factors set forth in Section 1081 of this Article, the Police

Commission shall so notify the applicant.  Within 60 days thereafter

the applicant shall furnish to the Police Commission any and all

additional information which may be required.  If the Police

Commission then finds that the applicant, in addition to complying

with all other requirements, is the owner of the vehicle or vehicles

for which a permit is sought, and that each such vehicle meets with

all applicable statutes, ordinances, rules, and regulations, it
shall thereupon issue the permit.  A finding made at or as a result
of a hearing under this Section may be appealed to the Board of
Permit Appeals as set forth in Section 3.651 of the Charter of the
City and County of San Francisco.

(h)  Conditions on Permits.  The Police Commission may attach
such conditions as it deems to be consistent with public convenience
and necessity upon any new permit issued under this Article.  From
time to time, existing permits or those issued without conditions
may be made subject to such conditions as the Police Commission may
determine to be consistent with public convenience and necessity
after a hearing of which notice is given to all affected permittees
and the public in the manner prescribed for giving notice in
Section 1080(a) of this Article.

SEC. 1080.  PERMIT APPLICATIONS.

(a)  Forms and Applications; Notice of Hearing.  Application
for a permit required by this Article shall be made to the Police
Commission on a form to be furnished by the Police Commission.  The
form shall specify, and the application shall state, such
information as the Police Commission reasonably shall require.
Within 14 days of the filing of such an application with the Police
Commission, it shall cause a notice to be published in a newspaper
approved for the giving of official notices of the City and County
of San Francisco, which notice shall state that an application has
been filed for a permit pursuant to this Article (specifying the
type, kind, or class), the name of the applicant, the kind of
equipment to be used, and such other information as may be necessary
to identify the applicant and to specify the type, kind, or class of
permit or service.  If the hearing on an individual application is
held more than 45 days after the last such notice was published,

that notice shall be republished, commencing at least 14 days prior to the hearing.  The notices required by this Section shall be published for three successive days and shall state the date, time, and place set for the hearing thereon.

(b)  Fee for Application.  Applicants for permits authorized by this Article shall pay to the City and County of San Francisco a sum to cover the costs of advertising, investigating, and processing the application for each permit, such sum to be determined periodically as deemed appropriate by the Police Commission.  No application for a permit under this Article shall be deemed to be complete until and unless such sum is fully paid.

(c)  Applications Deemed Active.  Every application for a motor vehicle for hire permit shall be deemed to remain active and shall be considered until the earliest of the following events:

(1)  The applicant withdraws the application in writing;

(2)  The applicant is deemed to be ineligible by a vote of the Police Commission; or

(3)  The applicant receives a permit;

(d) Notwithstanding the provisions of subsection (c), the Chief of Police may adopt regulations requiring applicants periodically to reaffirm that their applications are active.

SEC. 1081.  FACTORS CONSIDERED IN ISSUING PERMITS.

(a)  General Factors.  The Police Commission, in determining whether an individual applicant is eligible for the issuance of a motor vehicle for hire permit pursuant to Section 1079(g) of this Article, may consider such facts as it deems pertinent, but must consider the following:

(1)  Whether the applicant is financially responsible and will comply with all insurance requirements and will maintain proper financial records.

SUPERVISOR SILVER
3013g
BOARD OF SUPERVISORS

Page 14
03/13/89

(2)  Whether the applicant has complied with all applicable statutes, ordinances, rules and regulations.

(3)  Whether the applicant holds or has ever held any other permits issued to operate a motor vehicle for hire either in the City and County of San Francisco or elsewhere and the record of such applicant with regard to any such other or former permits.

(b)  No permit to operate a motor vehicle for hire shall be issued unless the person applying for the permit shall declare under penalty of perjury his or her intention actively and personally to engage as permittee-driver under any permit issued to him or her for at least four hours during any 24 hour period or at least 75 percent of the business days during the calendar year.  Notwithstanding any contrary provision in this Article, the requirement set forth above shall not apply to any person holding a permit issued on or before July 1, 1978.  Every permittee subject to the provisions of this Section shall drive his or her taxicab for at least the amount of time set forth herein unless permission not to do so has been granted pursuant to the provisions of Section 1096(c) of this Article.

(c)  Order of Consideration.  Subject to any preference created by this Article, all applications for motor vehicle for hire permits shall be processed and considered in the order of their receipt by the Police Commission.

SEC. 1082.  ONLY NATURAL PERSONS LICENSED; ONE PERMIT PER PERSON; INDIVIDUAL PERMITTEES ONLY; EXCEPTIONS.

(a)  Individual Permit Holders.  No permit to operate a motor vehicle for hire shall be issued except to a natural person and in no case to any business, firm, partnership, association, or corporation, except as provided for in subsection (c) of this Section.  No more than one taxicab permit shall be issued to any one person, except as provided in subsection (c) of this Section.

(b)  Permits Issued Only to Single Permittees.  Except for permits issued in the name of more than one person prior to the effective date of this Article, no permit to operate a motor vehicle for hire shall be issued to, or in the name of, more than one person.

(c)  Exceptions for Existing Permits.  The provisions of subsection (a) of this Section shall not apply to any permit issued on or before July 1, 1978 that has been renewed and maintained in effect continuously since that date.  Such permits shall continue in effect.

SEC. 1083.  SALE OR TRANSFER OF CORPORATE PERMITTEE; CORPORATE RECORDS.

(a)  Permits Void in Event of Transfer or Sale of Permittee. Any permit to operate a motor vehicle for hire held by a permittee that is not a natural person and which permit would otherwise remain in effect pursuant to Section 1082(c) shall be deemed null and void and revoked in any of the following circumstances:

(i)  If the permittee is or was sold or transferred at any time after June 6, 1978; with a cumulative sale or transfer of (A) 10 percent or more of the stock or other ownership of the permittee, or (B) 10 percent of the permittee's assets since June 6, 1978 constituting a sale or transfer for purposes of this Section unless such sale or transfer has been approved by the Police Commission in conformance with the requirements of this Article and San Francisco Charter, Appendix F.

(ii)  If after the effective date of this Article the management or control of the permittee is transferred for consideration;

(iii) If after the effective date of this Article the permittee's rights to receive income derived from the lease of a permit is assigned, transferred or sold.

SUPERVISOR SILVER
3013g
BOARD OF SUPERVISORS

Page 16
03/13/89

(b)    Corporate Records.  Any corporation holding a permit hereunder shall maintain a stock register at the principal office of the corporation in San Francisco and the stock register shall be available to the Police Department for inspection.  Such corporation shall report to the Department in writing any of the following:

(i)    Issuance or transfer of any shares of stock.

(ii)   Change in any of the corporate officers which is required by Section 821 of the California Corporations Code.

(iii)  Change of any member of its board of directors.

(c)    Any report required pursuant to this Section shall be filed with the Police Department within ten days of the change, sale or transfer to be reported.

SEC. 1084.  PERMITS A PRIVILEGE; NON-TRANSFERABILITY OF PERMITS; NOTICE RE DEATH OF PERMITTEE; LEASE OF PERMIT PROHIBITED AFTER PERMITTEE'S DEATH.

(a)    Permits granted pursuant to this Article constitute a privilege and do not constitute property of the permittee.  Except as provided in Sections 1131(b) (taxicab color scheme permits) and 1133(b) (taxicab dispatch service permits) of this Article, no permit issued under this Article shall be transferable or assignable, either expressly or by operation of law.

(b)    Within 14 days of the death of any living person holding a permit issued under this Article, the taxicab dispatch service with which that permit is affiliated, if it has knowledge of the permittee's death, and each lessee of the permittee's permit who has knowledge of the permittee's death, shall notify the Chief of Police in writing of the permittee's death.

(c)    It shall be unlawful to attempt to lease or lease, as lessor or lessee, any permit issued pursuant to this Article with knowledge that the person in whose name that permit is issued is deceased.

SEC. 1085.  PERMIT FEES.

(a)  Payment of Fees Required.  It shall be unlawful for any person required to obtain a permit pursuant to the provisions of this Article to operate a motor vehicle for hire, a taxicab dispatch service or a taxicab color scheme, without first obtaining the required permit and paying the applicable fee therefor.

(b)  Permit Fee.  The fees charged for permits issued pursuant to this Article shall be set annually by the Board of Supervisors in an amount adequate to cover the estimated actual costs of the enforcement of this Article, including personnel, pursuant to Section 2.2 of Article I of the San Francisco Police Code; provided, however, that after January 1, 1990 said fees shall not be increased by an amount greater than 10 percent of the fee set for the preceding year.  A pro-rated fee shall be charged for any license issued pursuant to subsection (a) hereof for a period of less than one full year.

(c)  Notification of Number of Permits.  The Chief of Police shall notify the Controller and the Tax Collector of the number of motor vehicle for hire permits in effect, and the seating capacity of the vehicles for which the permits were granted; and, whenever additional permits are granted, or existing permits are modified or revoked during the year, the Controller and the Tax Collector shall be notified of same immediately.  These notifications shall be in writing and signed by the Chief of Police, and shall be made on the following dates:

(i) Taxicabs and limousines - on the 30th day of June of each year;

(ii) All other motor vehicles for hire - on the 31st day of December of each year.

SEC. 1086.  DURATION OF LICENCES, ETC.; EXISTING PERMITS.

(a)  Expiration Dates for Permits, Etc.  All licenses and medallions issued under the provisions of this Section for the operation of taxicabs and limousines shall expire on the 1st day of July next following their issuance.  All other permits issued pursuant to this Article shall expire the 1st day of January next following their issuance.

(b)  Permits for the operation of motor vehicles for hire in effect on the effective date of this Article shall remain in full force and effect subject to the other provisions of this Article.

SEC. 1087.  ENFORCEMENT FUND.

All permit fees collected pursuant to this Article shall be held in trust by the Treasurer of the City and County of San Francisco and shall be distributed according to the fiscal and budgetary provisions of the San Francisco Charter subject only to the following conditions and limitations:  the proceeds from permit fees collected pursuant to this Article, including earnings from investments thereof, may be used only to compensate and defray the capital and operating costs incurred by the City and County of San Francisco in enforcing the provisions of this Article, including, without limitation, the costs incurred by the Police Department and the Controller to comply with their obligations as set forth in this Article.  The foregoing permit fee fund is necessary for the purpose of regulation and to provide for the necessary investigation, inspection, and administration under, and enforcement of, the provisions of this Article.

SEC. 1088.  MEDALLIONS.

(a)  Issuance and Display.  The Police Department shall issue a metallic medallion of a design approved by the Police Commission for each motor vehicle for hire license issued pursuant to the

provisions of Section 1079 through 1081 hereof.  During all hours of
operation of a motor vehicle for hire, the medallion shall be placed
in the lower right corner of the windshield in such a manner that
the serial number shall be clearly visible from the exterior of the
vehicle; provided, however, that the Chief of Police shall designate
the manner of displaying the medallion on motorized rickshaws and
limousines.

(b)  Medallion Fees.  Every motor vehicle for hire permit
holder shall pay to the Police Department for each metallic motor
vehicle for hire medallion a sum to cover the costs of producing and
processing each such metallic motor vehicle for hire medallion as
may be issued to him or her pursuant to the provisions of this
Section.  Said fees shall be paid once each calendar year in an
amount to be determined annually by the Police Commission.

SEC. 1089.  DRIVERS PERMITS.

(a)  Permit Required.  It shall be unlawful for any person to
act as a driver of any motor vehicle for hire licensed pursuant to
this Article unless that person holds a driver's permit from the
Police Department issued pursuant to this Section.

(b)  Application.  Application for a permit to drive a motor
vehicle for hire shall be made to the Chief of Police on a form
provided by the Police Department and shall pay to the City and
County of San Francisco a fee to cover the costs of investigating
and processing the application, such fee to be determined
periodically as deemed appropriate by the Police Commission.
No application for a driver's permit hereunder shall be deemed to be
complete until and unless such sum is fully paid.

(c)  Examination for Permit.  Every applicant for a driver's
permit as required by this Article shall be required to take and
pass an examination given by the Chief of Police.  Said examination

shall cover the provisions of this Article and all rules or regulations promulgated pursuant thereto, the California Vehicle Code, the traffic regulations of the City and County of San Francisco, and the geography of the City and County of San Francisco.

(d)    Requisites for Driver's Permit.  Each applicant for a driver's permit from the Chief of Police must:

(1)    Be a resident of the United States, of good moral character;

(2)    Be of the age of 21 years or over;

(3)    Be of sound physique, with good eyesight and not subject to any disease, condition, infirmity, or addiction to the use of alcohol or any controlled substance, which might render the applicant unfit for the safe operation of a taxicab or other motor vehicle for hire;

(4)    Be able to read and write the English language;

(5)    Be clean in dress and person;

(6)    Hold a valid California driver's license of a class sufficient for the lawful operation of the motor vehicle to be driven.

(e)    Photographs of Applicant.  Each applicant for a driver's permit under this Section must file with his or her application two recent photographs of himself or herself of a size that may be easily attached to a motor vehicle for hire driver's license.  One copy of said photograph shall be attached to the license when issued, and carried by such licensed driver at all times when driving a taxicab or other motor vehicle for hire.  The photograph shall be so attached to the license that it cannot be removed and another photograph substituted without detection.  Each licensed driver shall, upon demand by any police officer or passenger, exhibit his license and photograph for inspection.  The other copy

of the photo shall be filed with the application to the Police

Department.

(f)  Issuance of Permit.  After approving the application, the

Chief of Police shall forward notice of that approval to the Tax

Collector, who shall issue the permit upon payment by the applicant

of the applicable fee.

(g)  Badges for Drivers.  In addition to the permits required

by this Section, there shall be furnished to each licensed driver of

a taxicab, or other motor vehicle for hire, upon the presentation of

a driver's annual permit granted by the Chief of Police, a badge of

such form and style as the Tax Collector may prescribe, with the

license number of such driver thereon, which must, under penalty of

revocation of the license, be constantly and conspicuously displayed

on the outside of the driver's clothing when engaged in his or her

employment, and shall only be worn by the person to whom the badge

is issued.

In addition thereto, the Tax Collector shall issue annually,

to the person named in such permit, a driver's annual identification

card which identification card shall be of such design and lettering

as the Tax Collector shall determine.  Separate fees shall be

charged for the identification card and the driver's badge to cover

the cost of issuance.

(h)  Renewal of Drivers Permits.  Driver's licenses and

permits shall be issued as of the first day of January of each year,

and shall be valid unless revoked or suspended, up to and including

the 31st day of December, next succeeding.  The Chief of Police may

cause the renewal of the driver's license from year to year upon the

filing with the Tax Collector of a statement by the driver providing

his or her current address and current employer and the payment of

the annual license fee.  All driver's licenses and permits, which are

valid on the effective date of this Article shall remain in effect and may be renewed under this Section.

SEC. 1090.  REVOCATION OF PERMITS.

(a)  Revocation for Cause.  Any permit issued under this Article may be suspended or revoked by the Police Commission for good cause after a noticed hearing.  "Good cause" hereunder shall include, but shall not be limited to, the following:

(i) The permittee ceased to be a full-time driver.

(ii) The permittee failed to pay a permit fee after notice of non-payment.

(iii) The permittee or the lessee of the permittee's permit operated without the insurance required by this Article.

(iv) The permittee or an agent of the permittee knowingly made false statements to or concealed information from the Police Commission, the Chief of Police or the Police Department.

(v) The permittee has been convicted of any crime involving moral turpitude.

(vi) The permittee has failed to satisfy any judgment for damages arising from unlawful or negligent operation under any permit issued under this Article.

(vii) The permittee has been convicted of a misdemeanor under Section 1185 of this Article.

(viii) The permittee violated the Traffic Code of the City and County of San Francisco or the Vehicle Code or related laws of the State of California.

(ix) The permittee violated any applicable statute, ordinance, rule or regulation pertaining to the operation or licensing of the vehicles and services regulated by this Article, including any rules and regulations enacted by the Chief of Police pursuant to this Article.

SUPERVISOR SILVER
3013g
BOARD OF SUPERVISORS

Page 23
03/13/89

1   liable in money damages to any person who claims
2   that such breach proximately caused injury.

3       (e) No Intent to Affect Rights and Obligations
    Under State Law.  This Section is not intended to
4   affect any rights or obligations of taxicab
    operators or patrons conferred or imposed by state
5   law.

6

7       Section 4.  This ordinance shall become effective March 1,
8   1989.

9       Section 5.  If any section, subsection, subdivision,
10  paragraph, sentence, clause or phrase in this Ordinance or any part
11  thereof, is for any reason held to be unconstitutional or invalid or
12  ineffective by any court of competent jurisdiction, such decision
13  shall not affect the validity or effectiveness of the remaining
14  portions of this Ordinance or any part thereof.  The Board of
15  Supervisors of the City and County of San Francisco hereby declare
16  that they would have passed each section, subsection, subdivision,
17  paragraph, sentence, clause or phrase thereof irrespective of the
18  fact that any one or more sections, subsections, subdivisions,
19  paragraphs, sentences, clauses or phrases be declared
20  unconstitutional, invalid or ineffective.

21

22

23  APPROVED AS TO FORM:

24  LOUISE H. RENNE
    City Attorney
25
26  By: _____
        John E. Morris
27      Deputy City Attorney

28

29

30  3020g/3049g/3636g

SUPERVISOR SILVER                                    Page 64
3013g                                                03/13/89

BOARD OF SUPERVISORS

Board of Supervisors, San Francisco

Passed for Second Reading          §   Finally Passed
                                   §
December 12, 1988                  §   December 19, 1988
                                   §
                                   §
Ayes: Supervisors Britt Gonzalez  §   Ayes: Supervisors Britt Gonzalez
   Hongisto Kennedy Nelder Silver  §      Hongisto Kennedy Maher Molinari
   Walker Ward                     §      Nelder Silver Walker Ward
                                   §
Noes: Supervisors Hsieh Maher     §   Noes: Supervisors Hsieh
   Molinari                        §


                 I hereby certify that the foregoing ordinance
                 was finally passed by the Board of Supervisors
                 of the City and County of San Francisco

                                  _____
                                        John L. Taylor
                                                  Clerk

File No.
15-88-2          DEC 2 7 1988     _____
                 Date Approved                    Mayor